IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA NASH-MILTON, as Independent Administrator of the Estate of GREGORY WALKER, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 23-CV-1012 |
| WILL COUNTY SHERIFF'S DEPUTY JOHN ALLEN, in his individual capacity; MIKE KELLEY, in his official capacity as Sheriff of Will County, Illinois; and COUNTY OF WILL, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, BRENDA NASH-MILTON, as Independent Administrator of the Estate of Gregory Walker, deceased, by and through her attorneys, Barney & Hourihane, LLP, and complaining of Defendants, WILL COUNTY SHERIFF'S DEPUTY JOHN ALLEN, in his individual capacity, MIKE KELLEY, in his official capacity as Sheriff of Will County, Illinois and, COUNTY OF WILL (referred to herein collectively as "Defendants"), states as follows:

## INTRODUCTION

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Gregory Walker's rights as secured by the United States Constitution.

1

## **JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction powers pursuant to 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b). All Defendants reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## **PARTIES**

4.      **Plaintiff.** Brenda Nash-Milton, sister of Gregory Walker, is the duly-appointed Independent Administrator of the Estate of Gregory Walker, deceased, having been so appointed by the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (Case No. 2022PR564), to act in that capacity. Decedent, Gregory Walker, was a resident of Crest Hill, County of Will, State of Illinois. He is now deceased. Plaintiff, Brenda Nash-Milton, is a resident of the State of Florida.

5.      **Defendant Deputy John Allen**. Defendant Will County Sheriff's Deputy John Allen ("Deputy John Allen") is, and was at all times complained of herein, employed by the Will County Sheriff's Office and Will County Sheriff Mike Kelley as a Sheriff's Deputy. At all times material to this Complaint, Defendant Deputy John Allen was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the County of Will and the Will County Sheriff's Office. Upon information and belief, Deputy John Allen is a resident of the County of Will, State of Illinois.

2

6. **Defendant Sheriff Mike Kelley**. Mike Kelley, Sheriff of Will County, is an independently elected county officer of Will County, namely, the Will County Sheriff, with his principal place of business located in Joliet, Illinois. Defendant Mike Kelley is sued in his official capacity as Sheriff of Will County.

7. **Defendant County of Will**. County of Will is a municipal corporation with its principal place of business located in Joliet, Illinois. The county is required to pay any settlement or judgment entered against the Sheriff in his official capacity. *Carver v. Sheriff of LaSalle County,* 203 Ill. 2d 497 (2003).

## BACKGROUND

8. On May 10, 2022, decedent, Gregory Walker (hereinafter "Gregory Walker" or "Walker"), was present at a Fifth Third Bank branch located in Romeoville, Illinois.

9. While in the bank branch, Mr. Walker was upset and made certain complaints of the bank.

10. Mr. Walker was initially armed with a firearm.

11. At no point did Mr. Walker threaten harm to another person.

12. Eventually, law enforcement officers responded to the scene, including officers from the Romeoville Police Department and deputies of the Will County Sheriff's Office.

13. One of the law enforcement officers who responded to the scene was a crisis negotiator with the Romeoville Police Department.

14. Deputy John Allen also responded to the scene.

3

15.     Deputy John Allen was employed as member of the Will County Sheriff's Special Weapons and Tactics ("SWAT") team at the time.

16.     Deputy John Allen arrived at the scene armed with a rifle, also known as a long gun.

17.     The crisis negotiator employed by the Romeoville Police Department spoke with Mr. Walker over the phone while Mr. Walker was inside the bank in an attempt to convince Mr. Walker to allow all all other individuals inside the bank to leave the bank and to peaceably exit the bank himself.

18.     After speaking with the negotiator, Mr. Walker allowed everyone inside the bank to leave the bank and agreed to peaceably exit the bank branch himself and surrender to police.

19.     Mr. Walker then put down the firearm he previously possessed while inside the bank.

20.     After putting down the firearm, and in compliance with orders issued by police officers, Mr. Walker put his hands up and approached the main front exit of the bank.

21.     At the time he approached the exit, Mr. Walker was not in possession of a firearm or any other weapon or device that could have caused harm to others.

22.     At the time he approached the exit, Mr. Walker posed no threat to any individual.

23.     At the time he approached the exit, Mr. Walker's hands were raised in the air, demonstrating that he was not in possession of any weapon.

4

24.     At this time, Deputy John Allen discharged his firearm, striking Mr. Walker in the chest with a bullet.

25.     Mr. Walker was not in possession of a firearm at the time he was shot by Deputy John Allen.

26.     Deputy John Allen shot Mr. Walker despite that Mr. Walker was unarmed and posed no threat to any other person.

27.     Emergency aid was rendered to Mr. Walker, and he was subsequently rushed by ambulance to Bolingbrook Hospital, where he was later declared dead.

## COUNT I
### 42 U.S.C. § 1983 Claim: Excessive Force (Fourth Amendment)
### (Plaintiff against Defendant Deputy John Allen)

28.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

29.     The force used against Gregory Walker by Defendant Deputy John Allen was unreasonable and excessive, without lawful justification, and conducted under color of law.

30.     As a result of Defendant Deputy John Allen's unreasonable, unjustified, and excessive use of force, Gregory Walker suffered fatal injuries.

31.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Gregory Walker's constitutional rights.

32.     This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

33.     The constitutional violation described herein was a direct and proximate result of Defendant Deputy John Allen's actions, and Gregory Walker suffered injuries as a result of those actions, including death.

## COUNT II
### Illinois Wrongful Death Act Claim – Willful and Wanton
### (Plaintiff against Defendant Deputy John Allen)

34.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

35.     Plaintiff, as Independent Administrator of the Estate of Gregory Walker, brings this claim pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

36.     At all times relevant to this Complaint, Defendant Deputy John Allen owed Gregory Walker a duty to refrain from willful and wanton conduct that would endanger Mr. Walker, and to not act with deliberate indifference or conscious disregard for the health and safety of Mr. Walker and others.

37.     Defendant Deputy John Allen breached that duty by committing one or more of the aforementioned acts, including purposefully discharging a firearm and shooting Gregory Walker about the body.

38.     Defendant Deputy John Allen's course of conduct shows an actual or deliberate intention to cause harm or, if not intentional, was committed under circumstances exhibiting utter indifference or reckless or conscious disregard for the safety of others, including Gregory Walker.

39.     Defendant Deputy John Allen ignored known or plainly observable

dangerous conditions and did things that will naturally and probably result in injury to another.

40.     Defendant Deputy John Allen's conduct was without lawful justification.

41.     As a direct and proximate result of one or more of the aforementioned acts committed by Defendant Deputy John Allen, Gregory Walker sustained injuries, including death.

42.     As a direct and proximate result of the death of Gregory Walker, his next-of-kin have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of Gregory Walker.

43.     As described above, Defendant Deputy John Allen's conduct was undertaken within the scope of his employment such that his employer, Defendant Mike Kelley, Sheriff of Will County, is liable for his actions.

## COUNT III
### Illinois Wrongful Death Act Claim – Battery
### (Plaintiff against Defendant Deputy John Allen)

44.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

45.     Plaintiff, as Independent Administrator of the Estate of Gregory Walker, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

46.     As described more fully in the preceding paragraphs, Defendant

Deputy John Allen knowingly and intentionally caused a harmful and offensive contact with Gregory Walker in that Defendant Deputy John Allen shot Gregory Walker about the body with a firearm without any legal justification.

47.    Defendant Deputy John Allen intended to cause the harmful and offensive conduct described above.

48.    Defendant Deputy John Allen's conduct was done knowingly, intentionally, and with malice.

49.    Defendant Deputy John Allen's conduct was without lawful justification.

50.    As a direct and proximate cause of Defendant Officer's conduct, Gregory Walker sustained injuries, including death.

51.    As a direct and proximate result of the death of Gregory Walker, his next-of-kin have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of Gregory Walker.

52.    As described above, Defendant Deputy John Allen's conduct was undertaken within the scope of his employment such that his employer, Defendant Mike Kelley, Sheriff of Will County, is liable for his actions.

## COUNT IV
### Illinois Survival Act Claim – Willful and Wanton
### (Plaintiff against Defendant Deputy John Allen)

53.    Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

8

54. Plaintiff, as Independent Administrator of the Estate of Gregory Walker, brings this cause of action pursuant to the provisions of 744 ILCS 5/26-6, commonly known as the Illinois Survival Act.

55. At all times relevant to this Complaint, Defendant Deputy John Allen owed Gregory Walker a duty to refrain from willful and wanton conduct that would endanger Mr. Walker, and to not act with deliberate indifference or conscious disregard for the health and safety of Walker, and to act in a manner free from willful and wanton conduct.

56. Defendant Deputy John Allen breached that duty by committing one or more of the aforementioned acts, including purposefully shooting Gregory Walker about the body with a firearm.

57. Defendant Deputy John Allen's course of conduct shows an actual or deliberate intention to cause harm or, if not intentional, was committed under circumstances exhibiting utter indifference or reckless or conscious disregard for the safety of others, including Gregory Walker.

58. Defendant Deputy John Allen ignored known or plainly observable dangerous conditions and did things that will naturally and probably result in injury to another.

59. Defendant Deputy John Allen's conduct was without lawful justification.

60. As a direct and proximate result of one or more of the aforementioned acts committed by Defendant Deputy John Allen, Gregory Walker sustained

significant and permanent injuries, which resulted in his death, and for which Mr. Walker would have been entitled to receive compensation from Defendants had he survived.

61.     As described above, the Defendant Officer's conduct was undertaken within the scope of his employment such that his employer, Defendant Mike Kelley, Sheriff of Will County, is liable for his actions.

**COUNT V**
**Illinois Survival Act Claim – Battery**
**(Plaintiff against Defendant Deputy John Allen)**

62.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

63.     Plaintiff, as Independent Administrator of the Estate of Gregory Walker, brings this cause of action pursuant to the provisions of 744 ILCS 5/26-6, commonly known as the Illinois Survival Act.

64.     As described more fully in the preceding paragraphs, Defendant Deputy John Allen knowingly and intentionally caused a harmful and offensive contact with Gregory Walker in that Defendant Deputy John Allen shot Gregory Walker about the body with a firearm without any legal justification.

65.     Defendant Deputy John Allen intended to cause the harmful and offensive conduct described above.

66.     Defendant Deputy John Allen's conduct was done knowingly, intentionally, and with malice.

67.     Defendant Deputy John Allen's conduct was without lawful

10

justification.

68.     As a direct and proximate cause of Defendant Officer's conduct, Gregory Walker sustained significant and permanent injuries, which resulted in his death, and for which Gregory Walker would have been entitled to receive compensation from Defendants had he survived.

69.     As described above, the Defendant Officer's conduct was undertaken within the scope of his employment such that his employer, Defendant Mike Kelley, in his official capacity as Sheriff of Will County, Illinois, is liable for his actions.

**<u>COUNT VI</u>**
**Wrongful Death - Negligence**
**(Plaintiff against Defendant Deputy John Allen)**
**(Pled in the Alternative)**

70.     Plaintiff re-alleges paragraphs 1 through 27 as if fully restated herein.

71.     Plaintiff, as Independent Administrator of the Estate of Gregory Walker, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

72.     This Count is pled in the alternative to Counts I through V.

73.     Deputy John Allen was negligent in one or more of the following ways:

    a. Maintained his finger on the trigger of his firearm while aiming the firearm at Mr. Walker despite that Mr. Walker posed no threat;

    b. Placed force on the trigger of his firearm sufficient to cause the firearm to discharge;

    c. Operated his firearm in a way that presented an unreasonable danger of injury to Mr. Waker;

    d. Failed to take reasonable precautions to prevent the accidental discharge of his firearm.

74. As a proximate result of one or more of the aforementioned negligent acts and/or omissions, Gregory Walker suffered injuries, including death.

75. As a direct and proximate result of the death of Gregory Walker, his next-of-kin have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of Gregory Walker.

76. As described above, the Defendant Officer's conduct was undertaken within the scope of his employment such that his employer, Defendant Mike Kelley, in his official capacity as Sheriff of Will County, Illinois, is liable for his actions.

## COUNT VII
### Illinois Survival Act Claim – Negligence
### (Plaintiff against Defendant Deputy John Allen)
### (Pled in the Alternative)

77. Plaintiff re-alleges paragraphs 1 through 27 and 70 through 76 as if fully restated herein.

78. This Count is pled in the alternative to Counts I through V.

79. Plaintiff, as Independent Administrator of the Estate of Gregory Walker, brings this cause of action pursuant to the provisions of 744 ILCS 5/26-6, commonly known as the Illinois Survival Act.

80. On May 10, 2022, Deputy John Allen was negligent in one or more of the following ways:

    a. Maintained his finger on the trigger of his firearm while aiming

12

the firearm at Mr. Walker despite that Mr. Walker posed no threat;

b. Placed force on the trigger of his firearm sufficient to cause the firearm to discharge in the presence of Mr. Walker;

c. Operated his firearm in a way that presented an unreasonable danger of injury to Mr. Waker;

d. Failed to take reasonable precautions to prevent the accidental discharge of his firearm.

81. As a proximate result of one or more of the aforementioned negligent acts and/or omissions, Gregory Walker suffered injuries, including death.

82. As a direct and proximate result of the death of Gregory Walker, his next-of-kin have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of Gregory Walker.

83. As described above, Defendant Deputy John Allen's conduct was undertaken within the scope of his employment such that his employer, Defendant Mike Kelley, Sheriff of Will County, is liable for his actions.

### *Respondeat Superior*
### (Defendant Sheriff Mike Kelley)

84. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

85. As described above, the Deputy John Allen's conduct was undertaken within the scope of his employment such that his employer, Defendant Mike Kelley, in his official capacity as Sheriff of Will County, Illinois, is liable for Deputy John

Allen's actions.

86.     Pursuant to 745 ILCS 10/9–102, the Sheriff is required to pay any tort compensatory damages judgment for which he or an employee acting within the scope of his employment is liable.

87.     Pursuant to 55 ILCS 5/3-6016, the Sheriff shall be liable for any neglect or omission of the duties of his office when occasioned by a deputy acting within the scope of his employment.

**Indemnification**
**(Defendant County of Will)**

88.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

89.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

90.     Defendant Mike Kelley, the Sheriff of Will County, is a local public entity under Illinois law.

91.     The office of the Sheriff of Will County is funded by the county, and the county is therefore required to pay any settlement or judgment entered against the Sheriff in his official capacity. *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 947-48 (7th Cir. 2003).

WHEREFORE, Plaintiff, BRENDA NASH-MILTON, as Independent Administrator of the Estate of Gregory Walker, respectfully requests that this

Honorable Court enter judgment in HER favor and against Defendants, WILL COUNTY SHERIFF'S DEPUTY JOHN ALLEN, in his individual capacity; MIKE KELLEY, in his official capacity as Sheriff of Will County, Illinois; and COUNTY OF WILL, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT DEPUTY JOHN ALLEN in his individual capacity, as well as any other relief this Court deems just and appropriate.

### Jury Demand

Plaintiff, BRENDA NASH-MILTON, as Independent Administrator of the Estate of Gregory Walker, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

*/s/ Ian M. Barney*
IAN M. BARNEY
Barney & Hourihane, LLP
909 Davis St., Suite 500
Evanston, Illinois 60201
Tel: 312-854-0906
E: ian@barneyhourihane.com

*Counsel for Plaintiff*