IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA NASH-MILTON, as Independent Administrator of Estate of GREGORY WALKER, deceased | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No.: 23-CV-1012 |
| -vs- | ) ) | |
| | ) | Honorable Sara L. Ellis |
| WILL COUNTY SHERIFF'S DEPUTY John Allen, *et. al.*, | ) ) ) | |
| Defendants. | ) ) | |

## **DEFENDANT JOHN ALLEN'S MOTION TO STAY PROCEEDINGS**

Defendant, Lt. John Allen, by and through one of his attorneys, Lance E. Neyland, moves that this Court enter an Order staying the proceedings in this civil litigation until the Illinois State Police concludes its criminal investigation and the Will County State's Attorney and/or other prosecutor renders a decision whether to initiate criminal prosecution against Lt. Allen related to his actions during the subject incident involving the decedent, Gregory Walker. In support thereof, Defendant states as follows:

### **Background**

On May 10, 2022, Lt. John Allen ("Lt. Allen" or "Defendant") was involved in an incident that resulted in the death of decedent, Gregory Walker, who had been armed with a firearm while holding multiple people hostage inside of a Fifth Third Bank in Romeoville, Illinois. On February 20, 2023, the Plaintiff, decedent's sister, filed this lawsuit on behalf of the decedent alleging that decedent was the victim of excessive force in violation of his Fourth Amendment rights. (Doc. #1). Plaintiff's lawsuit also makes several Illinois state law wrongful death and survival act claims against Lt. Allen for willful and wanton conduct, battery, and

1

negligence as well as claims against Will County and the Will County Sheriff for *Respondeat superior* and indemnification. (Doc. #1).

Immediately following the incident, members of the Illinois State Police ("ISP") began a criminal investigation into Lt. Allen's actions during the incident. The criminal investigation of Lt. Allen is still pending. Upon information and belief, after ISP completes its investigation, it will submit a report of its findings to the Will County State's Attorney or a special prosecutor.[1] The prosecutor will then review the report and may file criminal charges against Lt. Allen.

Lt. Allen's responsive pleading to the Complaint is currently due on April 21, 2023. Plaintiff has also filed a motion for early discovery that is pending with this court. (Doc. #6).

However, because the criminal investigation into Lt. Allen is still pending and could lead to criminal charges against Lt. Allen, for the reasons set forth below, Lt. Allen requests that the court stay this civil matter entirely during the pendency of the investigation and/or any criminal proceedings.

**Argument**

I.  **THIS COURT SHOULD STAY THIS MATTER UNTIL ISP CONCLUDES ITS CRIMINAL INVESTIGATION AND THE PROSECUTOR RENDERS A DECISION WHETHER TO CRIMINALLY PROSECUTE LT. ALLEN**

This court "has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005).

Courts have exercised this power in civil lawsuits where "there are ongoing criminal investigations regarding the on-the-job conduct" of defendant police officers. *See e.g.*, *Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 944 (N.D. Ill. 2008). In such circumstances, "there is no

---

[1] Lt. Allen does not know whether or not Will County will be the entity that prosecutes any criminal action resulting from the investigation.

question that [the defendant officer] could legitimately claim his or her Fifth Amendment privilege against self-incrimination if required to answer the complaint or discovery requests[.]" *Id.* at 944-45. Absent a stay, Lt. Allen "will have to decide whether to claim the privilege against self-incrimination or to answer the complaint, and, ultimately, respond to written discovery requests and questioning at a deposition." *Id.* at 945.

If Lt. Allen chooses to invoke his privilege against self-incrimination, he "runs the risk that this will be used as the basis for an adverse inference against [him] in this case, a practice the Fifth Amendment does not prohibit." *Id*. (internal citations omitted). Conversely, if Lt. Allen chooses to answer the complaint, testify, or otherwise respond to discovery in this case he "runs the risk that [his] responses will be used by prosecuting authorities to pursue…potential charges not yet filed." *Id*. As such, Lt. Allen is "effectively backed into a corner in which he has no viable choice…[and] is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy." *Id.* at 947.

Therefore, this court should avoid this unfairness by staying this case pending further developments in the criminal investigation which might warrant terminating or modifying the stay.

Defendant recognizes that a party to civil litigation faced with this choice is not automatically entitled to a stay. *Id.* at 945. Making the determination of whether to stay a case due to a parallel criminal investigation involves balancing the interests of the plaintiff, the defendants, and the public. Courts consider the following non-exhaustive list of factors:

   a. "whether the civil and criminal matters involve the same subject;
   b. whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case;

3

    c.    the posture of the criminal proceeding;

    d.    the effect of granting or denying a stay on the public interest;

    e.    the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and

    f.    the burden that any particular aspect of the civil case may impose on defendants if a stay is denied."

*Id*; *see also Cruz. v. County of DuPage*, No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997) (collecting cases). As applied to this case, these factors weigh in favor of a stay.

    **a.**    **The civil and criminal matters involve the same subject.**

Here, the civil litigation and the pending criminal investigation involve identical subject matter—the actions of Lt. Allen related to the death of Gregory Walker. This close relationship weighs in favor of a stay. *Chagolla v. Chicago*, 529 F. Supp 2d at 945; *see also Doe v. Chicago*, 360 F. Supp. 2d at 881.

    **b.**    **Will County is a party to this case and the criminal investigation.**

"If the governmental entity that initiated the parallel criminal prosecution or investigation is a party in the civil case, there is significant concern that it may use the civil discovery process to circumvent limitations on discovery in the criminal proceedings." *Chagolla v. Chicago*, 529 F. Supp. 2d at 946. (internal citation omitted).

Here, the entity currently conducting the criminal investigation—the ISP—is not a party to this litigation. However, once the investigation is concluded, the ISP will likely turn over the results of the investigation to Will County so that the Will County State's Attorney and/or any appointed special prosecutor can determine whether or not to bring criminal charges. Requiring Lt. Allen to conduct discovery and potentially turn over sensitive information and/or make

4

admissions to Will County in this case could allow the County to circumvent discovery limitations in a future criminal proceeding and may even impact their decision whether or not to criminally charge Lt. Allen. This factor weighs in favor of a stay.

      **c.      The posture of the criminal proceedings.**

The ISP criminal investigation is still pending. While no criminal prosecution has been initiated, as is discussed above, it is believed that once the ISP concludes their investigation, they will turn over their findings to the Will County State's Attorney to review and determine whether to criminal prosecute Lt. Allen. The fact that Lt. Allen faces pending criminal charges weighs in favor of a stay. *Id.*

      **d.      The effect of a stay on the public interest.**

The public's interest in the prompt disposition of civil litigation must be weighed against the public's interest in ensuring that the criminal process can proceed untainted by civil litigation. *Id.* at 947 (citing *Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003)). The possibility that the integrity of the pending criminal investigation will be hindered by issues that could arise from civil discovery and any statements from Lt. Allen in the civil litigation is significant. This factor weighs in favor of a stay.

      **e.      Plaintiff's interest in proceeding expeditiously**.

Plaintiff's interest in proceeding expeditiously will certainly be impacted by a stay of this case. However, Plaintiff has already filed this case within the statute of limitations, which is not at issue. Further, the risk of evidence or information being lost during the stay is minimal as this is all being preserved due to the criminal investigation. Therefore, Plaintiff will not be unfairly prejudiced by a stay of the proceedings.

      **f.      Denying a stay would impose a significant burden on Lt. Allen.**

As has already been discussed at length, *supra*, forcing Lt. Allen to answer the complaint, respond to discovery, and/or testify in this civil matter will require him to make the impossible choice of whether to claim his privilege against self-incrimination, thus prejudicing him in the civil case, or to waive the privilege and potentially prejudice himself in a criminal proceeding. He truly would be "backed into a corner" with "no viable choice." *Id.* at 947. This factor weighs in favor of a stay.

Considering these six factors, it is clear that this court should grant Lt. Allen's motion to stay the proceedings in this matter.

## II. WILL COUNTY'S AND THE WILL COUNTY SHERIFF'S INTERESTS ARE ALIGNED WITH LT. ALLEN

Will County has no Fifth Amendment privileges. However, it would be unfair to place the County or the Sheriff's Office in a position in which their ability to defend themselves was impaired by the unavailability of Lt. Allen's testimony or cooperation in discovery. *Id.* As such, there is nothing to be gained by requiring the County or the Sheriff's Office to proceed with discovery while the case is stayed as against Lt. Allen.

## Conclusion

For all of the foregoing reasons, Defendant Lt. John Allen requests that this Honorable Court grant his motion to stay these proceedings and for any other and further relief this Court deems appropriate.

**LT. JOHN ALLEN**

By:*/s/ Lance E. Neyland*
    Lance E. Neyland, #6331171
    IFMK Law, Ltd.
    650 Dundee Road, Suite 475
    Northbrook, Illinois 60062
    Phone: (847) 291-0200
    Email: lneyland@ifmklaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRENDA NASH-MILTON, as Independent )<br>Administrator of Estate of GREGORY )<br>WALKER, deceased )<br>             Plaintiff, )<br>)<br>    -vs- )<br>)<br>WILL COUNTY SHERIFF'S DEPUTY )<br>John Allen, *et. al.*, )<br>)<br>             Defendants. ) | Case No.: 23-CV-1012<br><br>Honorable Sara L. Ellis |

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of ***Defendant John Allen's Motion to Stay Proceedings*** with the Clerk of Court to be filed April 7, 2023, using the CM/ECF system, which will send notification of such filing to the following counsel of record.

> Ian M. Barney
> Barney & Hourihane, LLP
> ian@barneyhourihane.com

      By:*s/Lance E. Neyland*
One of Defendant's Attorneys
Lance E. Neyland, #6331171
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    847/291-9230
Email: lneyland@ifmklaw.com